Filed 9/5/24  P. v. Mejia CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO MEJIA,<br><br>    Defendant and Appellant. | B330542<br><br>(Los Angeles County<br>Super. Ct. No. BA235662) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

　　　　Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General for Plaintiff and Respondent.

In 2002, the jury found Ricardo Mejia guilty of second degree murder (Pen. Code[1], § 187, subd. (a) count 1) and assault with a semi-automatic weapon (§ 245, subd. (b), count 2).  The jury found true firearm use allegations as to both counts. (§ 12022.53, subds. (c) & (d) in count 1, § 12022.5, subds. (a) & (d) in count 2.)  Mejia was sentenced to 50 years to life in prison.

In 2022, Mejia filed a petition for vacatur of his murder conviction and resentencing pursuant to former section 1170.95 (now § 1172.6).  The trial court denied the petition because the record demonstrated that Mejia was prima facie ineligible for relief—there was nothing in the instructions that permitted the jury to find Mejia guilty of murder on a theory that is no longer valid.

On appeal, Mejia contends that the trial court instructed the jury on second degree felony murder under CALJIC No. 8.10, which is no longer a valid theory of liability.  The trial court found that the instruction Mejia challenges was a draft instruction that was not actually given to the jury, despite its inclusion in the packet of jury instructions.

We agree with the trial court's reading of the record and affirm the trial court's order.

## PROCEDURAL HISTORY

In 2022, Mejia filed a petition for resentencing under section 1172.6.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The People opposed the petition, attaching the prior appellate opinion and arguing that Mejia could still be convicted as the actual killer or as a major participant who acted with reckless indifference to human life.[2]

Appointed counsel filed a reply arguing that the prosecutor misapprehended the process at the prima facie showing stage of proceedings. At this first stage, Mejia had the burden to show that he was prosecuted under a now-invalid theory of murder. Mejia's petition could only be denied if he was ineligible for relief as a matter of law. Whether the prosecution could prove that Mejia could still be convicted under a valid theory of law beyond a reasonable doubt could only be decided at an evidentiary hearing in the next stage of proceedings.

Mejia filed a supplemental reply after obtaining a copy of the jury instructions given at trial. As relevant here, Mejia argued that the jury was instructed on second degree felony murder, which is no longer a valid theory of murder liability, under CALJIC No. 8.10.

At the prima facie hearing, the trial court advised the parties that it would only consider the jury instructions and verdicts and would not engage in fact-finding. The court denied Mejia's petition because the jury was not instructed on second degree felony murder. The court determined that the version of CALJIC No. 8.10 that Mejia challenged had not been given to the jury, based on the fact that there were two sets of instructions in the packet that both included CALJIC No. 8.10—one was edited and appeared to be part of a complete set of instructions and the other was unedited, differently formatted, and accompanied by a

_____

[2] Mejia was not tried under a theory of first degree felony murder.

3

much smaller and incomplete set of instructions.  The version that would have permitted the jury to find Mejia guilty of second degree felony murder was in the unedited set of instructions, which the court believed to have been accidentally included in the packet behind the "instructions given" cover sheet.

## DISCUSSION

### A.    *Section 1172.6*

Effective January 1. 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended sections 188 and 189, and added former section 1170.95 to the Penal Code.  (Stats. 2018, ch. 1015, §§ 2–4.) Senate Bill No. 1437 limited application of the felony murder rule and eliminated murder based on the natural and probable consequences doctrine.  Through former section 1170.95, Senate Bill No. 1437 also created a procedure by which a defendant previously convicted of murder under either of those theories could file a petition for resentencing.

Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) amended former section 1170.95 to include persons convicted under a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (former § 1170.95, subd. (a); Stats. 2021, ch. 551, § 2.)  Former section 1170.95 was subsequently renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

Pursuant to section 1172.6, subdivision (a)(1) to (3), a petitioner must file a petition in the sentencing court averring that:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed

4

under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [;] [¶] (2) The petitioner was convicted of murder . . . following a trial . . . [;] [¶] [and] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (See *id.*, subd. (b)(1)(A).)

Upon receipt of a petition meeting these requirements, the trial court will appoint counsel, if requested. (§ 1172.6, subd. (b)(3).) The prosecutor must file a response within 60 days of the service of the petition, and the petitioner may file a reply within 30 days of the response. (§ 1172.6, subd. (c).) When briefing has been completed, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid*.) Within 60 days of issuance of the order to show cause, the trial court shall hold a hearing "to determine whether the petitioner is entitled to relief[.]" (§ 1172.6, subds. (d)(1) & (3).)

At the prima facie stage a trial court is only permitted to deny the petition if the record of conviction "foreclose[s] [the] possibility [that the petitioner was convicted under an invalid theory] *as a matter of law*." (*People v. Curiel* (2023) 15 Cal.5th 433, 470.) We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

5

**B.**    *Analysis*

On appeal, Mejia contends that the jury may have been given the version of CALJIC No. 8.10 that would permit the jury to convict him of second degree felony murder, and asks that this court remand the matter for an evidentiary hearing.  The People disagree, arguing that, in addition to the differences in content and formatting, which strongly suggest the version of CALJIC No. 8.10 that Mejia challenges was not given to the jury, the reporter's transcripts of the trial demonstrate that the prosecutor did not argue that Mejia was guilty of murder under a second degree felony murder theory and the trial court did not orally instruct the jury on the theory, foreclosing the possibility that the challenged version of CALJIC No. 8.10 was given.  We agree with the People.

Viewing the instructions in isolation, it is clear that the instructions given to the jury did not contain the version of CALJIC No. 8.10 that would have permitted it to convict Mejia under a second degree felony murder theory.  The instruction packet in the record includes a cover sheet that indicates the instructions given to the jury immediately follow.  Following the cover sheet are nine instructions that are not tailored to reflect the circumstances of Mejia's case—the instructions retain all of the bracketed language from the pattern instruction and contain numerous blank lines intended to be filled in with case-specific details.  The version of CALJIC No. 8.10 with which Mejia is concerned is among those instructions.  The instruction has a grid at the top where the court may check off boxes to indicate which party requested the instruction, whether it was modified,

and whether it was given.  All of the check boxes are blank.  That version of CALJIC No. 8.10 states:

"[Defendant is accused [in Count(s) _____] of having committed the crime of murder, a violation of Penal Code section 187.]

"Every person who unlawfully kills a [human being] [or] [fetus] [with malice aforethought] [or] [during the commission or attempted commission of __ (statutory felony) __] [a felony inherently dangerous to human life], is guilty of the crime of murder in violation of section 187 of the Penal Code.

"[In the crime of murder, a human fetus is defined as an unborn offspring in the postembryonic period, after major structures have been outlined.  The period occurs in humans seven or eight weeks after fertilization.]

"[A killing is unlawful, if it [is] [was] [neither] [not] [justifiable] [nor] [excusable]].

"In order to prove this crime, each of the following elements must be proved:

"1.  A human being was killed;

"[1.a. A human fetus was killed;]

"2.  The killing was unlawful; and

"3.  The killing [was done with malice aforethought] [or] [occurred during the commission of ___ (statutory felony) ___] [a felony inherently dangerous to human life. _____ is a felony inherently dangerous to human life.]."

The untailored instructions are immediately followed by a complete set of contiguous instructions that are formatted differently than the previous instructions and are tailored to Mejia's case.  Specifically, each page of the contiguous instructions includes a header with the case name (People v.

7

Ricardo Mejia) and trial court case number (BA235662). The instructions are page numbered consecutively from page 1 through page 22. The instructions contain margin references to the instruction number relating to each instruction. These instructions also include a version of CALJIC No. 8.10 that has been completed and contains none of the bracketed language that appears in the draft, as follows:

"Defendant is accused in Count One of having committed the crime of murder, a violation of Penal Code section 187.

"Every person who unlawfully kills a human being with malice aforethought, is guilty of the crime of murder in violation of section 187 of the Penal Code.

"A killing is unlawful, if it was neither justifiable or excusable.

"In order to prove this crime, each of the following elements must be proved:

"1. A human being was killed;

"2. The killing was unlawful; and

"3. The killing was done with malice aforethought."

We agree with the trial court that, looking solely at the instructions, it is clear that only the second, tailored set of instructions was given to the jury, and that the first set was inadvertently included in the packet.

Our conclusion is further solidified by the remainder of the record, which demonstrates that (1) the prosecutor did not argue that Mejia was guilty on a second degree felony murder theory; (2) the trial court did not orally instruct the jury using the untailored instructions, but rather read the instructions contained in the contiguous, page numbered set only, and (3) the jury had no questions pertaining to CALJIC No. 8.10, which it

8

surely would have if it had been given instructions containing empty blanks and bracketed language that did not make sense when included in the instruction in total. (i.e., "[A killing is unlawful, if it [is] [was] [neither] [not] [justifiable] [nor] [excusable]]")  Further, as the court was reading the instructions to the jury, it noted places where the instructions needed some interlineation to make a correction:  the interlineations appear in handwritten notes on the contiguous set only.

The jury was not instructed on an invalid theory of liability, and therefore did not convict Mejia under an invalid theory. Accordingly, Mejia is prima facie ineligible for relief.

## DISPOSITION

We affirm the trial court's order denying Mejia's petition for resentencing pursuant to Penal Code section 1172.6.

NOT TO BE PUBLISHED.


MOOR, J.

We concur:


BAKER, Acting, P. J.                    LEE, J.*

---

*Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9